# Exhibit  A

FILED
10-06-2021
Circuit Court
St. Croix County, WI
2021CV000352
Honorable Edward Vlack
Branch 2

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **ST CROIX**

Sarah Haas vs. Easy Cash ASAP, LLC et al      **Electronic Filing Notice**

Case No. 2021CV000352
Class Code: Money Judgment

EASY CASH ASAP, LLC
SUITE 230
8900 STATE LINE ROAD
LEAWOOD KS 66206

Case number 2021CV000352 was electronically filed with/converted by the St Croix County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 0d4a8f**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-386-4630 Ext. 4633.

St Croix County Circuit Court
Date: October 6, 2021

| STATE OF WISCONSIN | CIRCUIT COURT | ST CROIX |
|---|---|---|

Sarah Haas vs. Easy Cash ASAP, LLC et al

**Electronic Filing Notice**

FILED
10-06-2021
Circuit Court
St. Croix County, WI
2021CV000352
Honorable Edward Vlack
Branch 2

Case No. 2021CV000352
Class Code: Money Judgment

CLARITY SERVICES, INC.
PO BOX 5717
CLEARWATER FL 33758

Case number 2021CV000352 was electronically filed with/converted by the St Croix County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 0d4a8f**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-386-4630 Ext. 4633.

St Croix County Circuit Court
Date: October 6, 2021

FILED
10-06-2021
Circuit Court
St. Croix County,  WI
2021CV000352
Honorable Edward Vlack
Branch 2

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF SAINT CROIX**

---

Sarah Haas,                                          Case No. 2021-CV-_____

       Plaintiff,

v.

Easy Cash ASAP, LLC,
  d/b/a Easy Cash, and
Clarity Services, Inc.,

       Defendants.

---

### SUMMONS

---

### THE STATE OF WISCONSIN
### TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you.  The complaint, which is attached, states the nature and basis of the legal action.

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes.  The court may reject or disregard an answer that does not follow the requirements of  the statutes.  The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Saint Croix County Courthouse,
1101 Carmichael Road,
Hudson, Wisconsin 54016,

–1–

and a copy sent or delivered to Plaintiff's attorney, whose address is

Eric L. Crandall, Esq.,
Crandall Law Firm, SC,
421 West Second Street,
PO Box 27,
New Richmond, WI 54017

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED: October 6, 2021            Electronically signed by Eric Crandall
Eric L. Crandall, Esq.
**CRANDALL LAW FIRM, SC**
421 West Second Street
PO Box 27
New Richmond, WI 54017
715-243-9996 (p)
WisconsinConsumerLaw@frontier.com
Wis. Attorney Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF**

**FILED**
**10-06-2021**
**Circuit Court**
**St. Croix County, WI**
**2021CV000332**
**Honorable Edward Vlack**
**Branch 2**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **COUNTY OF SAINT CROIX**

---

Sarah Haas,                                        Case No. 2021-CV-_____

       Plaintiff,

v.

Easy Cash ASAP, LLC,
  d/b/a Easy Cash, and
Clarity Services, Inc.,

       Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.  INTRODUCTION

1.  This is an action brought by Sarah Haas ("Haas") seeking redress for violations of the Fair

    Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ( "FCRA"), committed by Easy Cash, LLC,

    d/b/a Easy Cash ("Easy Cash") and by Clarity Services, Inc. ("Clarity"). Haas also seeks

    redress for violations of Wisconsin's Privacy statute, Wis. Stat. § 995.50, committed by

    Easy Cash.  Haas seeks recovery of actual, statutory and punitive damages, her reasonably

    incurred costs and attorney fees, as well as declaratory and injunctive relief.

### II.  JURISDICTION

2.  Jurisdiction of this court arises under Wis. Stat. § 421.201-203 (WCA jurisdiction) and Wis.

    Stat. § 801.04 (general), as well as 15 U.S.C. §1681p (FCRA).

3.  Venue is appropriate under Wis. Stat. § 421.401 (WCA venue) and Wis. Stat. § 801.50

    (venue).

## III. PARTIES

**Sarah Haas**

4.    Plaintiff Sarah Haas is an individual residing in Saint Croix County, Wisconsin.

5.    While Haas is of normal intelligence, she lacks advanced sophistication in the specific businesses of payday lending and credit reporting.

6.    Haas was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

7.    Haas was and is a "consumer" as defined by 15 U.S.C. § 1681a( c ).

8.    Haas was and is a "person" as defined by Wis. Stat. § 990.01(26).

9.    Haas was and is a "person" as that term is used in Wis. Stat. § 995.50, and is further entitled to the protections and remedies of Wis. Stat. § 995.50.

**Easy Cash**

10.    Defendant Easy Cash, is a foreign company engaged in making consumer loans at high interest, and collecting and receiving payments from consumers on those loans.

11.    Easy Cash is also engaged in arranging and brokering high interest consumer loans to other lenders.

12.    Easy Cash regularly charges and receives payment from other lenders for arranging or brokering those loans.

13.    Easy Cash is also engaged in selling leads for prospective high interest consumer loans to other lenders.

14.    Easy Cash regularly charges and receives payment from other lenders, for selling leads for prospective high interest consumer loans to other lenders

15.    Easy Cash is a sophisticated business, operating throughout Wisconsin.

– 4 –

16.    Easy Cash is licensed to conduct business in Wisconsin.

17.    Easy Cash is licensed to make high interest loans to Wisconsin consumers.

18.    Easy Cash was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

19.    Easy Cash is a "person" as defined by Wis. Stat. § 990.01.

20.    Easy Cash is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by
       and subject to the remedies of Wis. Stat. § 995.50.

21.    Per the "Terms of Use" section of its website, Easy Cash acknowledges that it regularly
       arranges or obtains consumer loans for those who apply for credit.

22.    Per the "Terms of Use" section of its website, Easy Cash acknowledges that it regularly sells
       leads for prospective high interest consumer loans to other lenders.

23.    Easy Cash is liable for the acts of its employees, agents, and independent contractors under
       theories of respondeat superior, agency, and vicarious liability.

24.    As a business conducting its affairs within the United States generally, and Wisconsin
       specifically, Easy Cash is deemed to know what is lawful and what is unlawful under US and
       Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not
       excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130
       (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time
       Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d
       447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

**Clarity**

25.    Clarity is a corporation incorporated under the laws of the state of Delaware.

26.    Clarity is a sophisticated business, operating throughout Wisconsin.

27. Clarity is a "person" as defined by Wis. Stat. § 990.01.

28. Clarity is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

29. Clarity is a "consumer reporting agency" under the FCRA.

30. Clarity maintains consumer reports on thousands of Wisconsin residents, and sells those reports to various third persons, including Easy Cash.

31. Clarity is a consumer reporting agency as defined by §1681a(f) of the Act, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers credit, to third parties.

32. Clarity is a specialty nationwide consumer reporting agency as per §1681a (x) of the Act.

33. Clarity is NOT a nationwide consumer reporting agency as defined by §1681a (p) of the Act.

34. Clarity dispenses such consumer reports to third parties under contract for monetary compensation.

35. Clarity is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

36. As a business conducting its affairs within the United States generally, and Wisconsin specifically, Clarity is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

– 6 –

## IV.  FACTUAL ALLEGATIONS

**INTRODUCTION TO LEAD GENERATION**

37.    The "lead generation market" ("market") is an adjunct to traditional sales programs.  It allows a company to profit from or monetize those sales leads it cannot or does not want to convert into customers, via several methods.

38.    It has found purchase in the high interest, consumer payday loan market.

39.    In one method, payday lenders arrange or broker a loan, finding other lenders that are willing to make a short term high interest loan to a consumer, with the brokering lender receiving compensation for brokering the loan.

40.    In another method, the payday lender simply sells the "lead" to other prospective lenders, also for compensation.

41.    Payday lenders typically - although not always - disclose this practice to prospective consumers in the "terms of service" or "terms of use"  sections of their websites.

42.    When a consumer seeks a loan from a payday lender, the consumer typically cannot proceed with the application unless they "check a box" on the lender's website that affirms the consumer agrees to the lenders "terms of use."

43.    These "terms of use" agreements often purport to bind the consumer to the lead generation practices of the payday lender.

44.    Typical lead generation practices include a consumer's purported grant of perpetual rights to the payday lender.  These perpetual grants often include perpetual arbitration clauses, perpetual rights to market or sell on the consumer's loan application to other payday lenders, and most astonishingly of all a perpetual right to access a consumer's credit report.

–7–

45.   However, many of these "terms of use" agreements are in artfully drawn.

46.   Oftentimes, payday lenders assume their "terms of use" agreements lawfully grant the lender the perpetual rights described above.

47.   In reality, many of these "terms of use" agreements deployed by American, foreign, and tribal payday lenders fall well short of the mark, and do not grant the perpetual rights the lenders think they have.

48.   Many of these "terms of use" agreements only grant the payday lender limited or no loan brokering rights.

49.   Many of these "terms of use" agreements only grant the payday lender limited or no credit report access rights.

50.   Many of these "terms of use" agreements only grant the payday lender limited or no right to sell on credit report access rights.

51.   On the otherwise of the equation, many of these "terms of use" agreements grant the payday lender rights that are so expansive that the grants become void for unconscionability.

52.   Many of these payday lenders improperly assume that the "terms of use" agreements deployed and adopted by other brokering or selling lenders are cogently and tightly drafted.

53.   Many of these payday lenders do not even review the "terms of use" agreements of the brokering or selling lenders before or after buying leads or buying credit report access rights.

54.   Many of these payday lenders do not consider their home state's common law or statutory law limits on unconscionable contract terms.

55.   Many of these payday lenders do not consider the common law or statutory law limits on unconscionable contract terms provided by the states where the consumers live.

56.     Accordingly, many of these "terms of use" agreements employed by lenders are subject to unconscionability challenges, which if successful leave the "terms of use" agreements void.

57.     Many of these payday lenders believe that the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the Gramm Leach Bliley Act ("GLBA"), 15 U.S.C. § 6801 et. seq. do not allow a consumer to reject the sharing or sale if their PII or PFI, once the consumer e-signs the "terms of use" agreements.

58.     In reality, both the FCRA and the GLBA allow a consumer - even after he or she signs the "terms of use" agreement - to reject the sharing or sale of their PII and PFI.

59.     To make matters worse, most payday lenders do not save records of their transactions in the lead generation marketplace, so these lenders cannot know what rights they may or may not have had in relation to any particular consumer.

60.     To make matters even worse, many payday lenders do not maintain the licenses and registrations needed to broker these types of loans, to make these types of loans, or to sell on leads for these types of loans.

61.     Such unlicensed activity exposes the lender to a consumer's claim, to a court or arbitrator's ruling, or to a jury finding that the initial agreement between the consumer and the initial payday lender is void, thus rendering any and all later sales of the lead also void, thus rendering any and all later sales of the consumers PII and PFI void and thus unlawful,  and thus rendering any and all later credit report pulls unlawful.

62.     The Federal Trade Commission ("FTC") is one federal agency that polices this market.

63. For example, LeapLab, LLC sold the PII and PFI of American consumers to third parties, who then used the information to unlawfully debit consumers's bank accounts. The FTC brought an enforcement action which in essence put LeapLabs out of business. *FTC v. SiteSearch Corporation, d/b/a LeapLabs*, No. 2:14-CV-02750 (D. Ax. Dec. 22, 2014).

64. Other enforcement actions include *FTC v. Blue Global, LLC*, No. CV17-02117 (D. Az. July 24, 2017)(defendant enjoined from selling or sharing payday loan leads on any of its 38 websites, where it had previously sold the PII and PFI from 15 million loan applications receiving up to $200.00 per loan application, to parties not in the payday loan business); *FTC v. Sequoia One, LLC*, No. 2:15-CV-01512 (D. Nev. Nov. 2, 2016)(defendant enjoined from selling or sharing payday loan leads).

65. The Consumer Financial Protection Bureau ("CFPB") is another federal agency that polices this market.

66. Enforcement actions brought by the CFPB include *In re Zero Parallel, LLC*, No. 2017-CFPB-0017( Sept. 6, 2017)(enjoining sale of consumer leads - containing PII and PFI of thousands of American consumers - in states that disallow payday lending or payday loan brokering and imposing $100,000.00 penalty).

67. Against this backdrop, plaintiff asserts the claims at bar, seeking damages to be awarded by a jury and equitable relief to be ordered by the Court, as further described below.

**Claims of Sarah Haas**

68.  At all relevant times, Sarah Haas was in need of money to pay for her basic needs, including food, clothing, housing, home furnishings, utilities, and to pay existing debts. Her income at all relevant times was limited, and she had few, if any, options for credit.

69.  Given her lack of choice of lenders, Sarah Haas approached various short term, high interest lenders to arrange or obtain short term loans.

70.  Sarah Haas also began obtaining copies of her consumer credit reports and files as maintained by both nationwide and speciality credit reporting agencies, and has retained the services of at least one credit monitoring service.

71.  In 2021, Haas ordered and requested copies of her consumer credit reports and files from Clarity Services, Inc.

72.  In 2021, Clarity Services mailed copies of Haas' consumer credit reports to Haas.

73.  The information assembled by Clarity Services about Haas constitute a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

74.  The information assembled by Clarity Services about Haas constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

75.  Clarity Services is a "consumer reporting agency" under the FCRA, as "for monetary fees" Clarity Services "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

-11-

76. The information about Haas, held by and released by Clarity Services to Haas and to Easy Cash, each constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

77. The information about Haas, requested by and obtained by various entities including Easy Cash, also constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

78. Clarity Services creates, generates and produces consumer credit reports and files on a regular basis, and derives the information in these reports from vast amounts of information it collects and maintains on individuals like Haas in a data base called a consumer file.

79. For example, the consumer credit report produced by Clarity Services on March 18, 2021 and mailed to Haas runs 51 pages, is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as copious amount of Haas' financial transaction history running over the course of many years.

80. When Haas obtained her Clarity Services consumer credit report, she learned that Easy Cash had accessed her Clarity Services consumer credit report and file - either in full or in part - **90 times** between October of 2016 and February of 2021, in spite of the fact that she had never applied for a loan from Easy Cash or authorised Easy Cash to access her consumer credit report and file.

81. Each time Easy Cash accessed Haas' respective Clarity Services consumer credit reports and files, it obtained her personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to their names, addresses, and social security numbers, as well as their credit scores and financial transaction histories.

–12–

82. Haas' agent wrote Easy Cash in May of 2021, requesting among other things that Easy Cash provide information and documentation about its activities and accounts relating to Haas.

83. Easy Cash did not respond in any meaningful way to this letter.

84. Clarity Services is also required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

85. Clarity Services has not adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

86. Clarity Services is prevented by state and federal law including the FCRA from releasing Haas' consumer credit reports and files to third parties absent a permissible purpose under the FCRA, 15 U.S.C. § 1681b(a)(1 through 6).

87. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, Haas never gave "written instructions" to Clarity Services to release her credit reports and files, there is no "credit transaction" or "credit application" initiated by Haas, and no "business transaction" was initiated by Haas with Easy Cash.

88. The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

89. Easy Cash is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

90. Contrary to its duties under 15 U.S.C. § 1681b(f), Easy Cash unlawfully retrieved either a partial or a complete copy of Haas' consumer credit report and file as maintained by Clarity Services, and did so 90 times between 2016 and 2021.

91. The referenced inquiries have become a permanent component of Haas' consumer credit reports and files, and are reported to those who ask to review the credit history of Haas.

92. Easy Cash agreed and represented in its agreements with the various credit reporting agencies that Easy Cash would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

93. Easy Cash is and was required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses, or without a legal basis.

94. At no time material hereto did Haas ever have a relationship with Easy Cash, or Clarity Services of the kind specified under §1681b(a)(3)(A) - (F).

95. Haas has never given written instructions to Easy Cash or Clarity Services to obtain and/or release to Easy Cash a consumer credit report of which she was the subject.

96. Neither Easy Cash, nor Clarity Services have ever been ordered by a court of competent jurisdiction - pursuant to § 1681b(1) - to obtain or release the information contained in Haas' consumer credit reports and files.

97. Easy Cash and Clarity Services each have an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

-14-

98.     Reasonable procedures for users of consumer credit reports and files include restricting the ability of Easy Cash and its agents, affiliates and partners to obtain consumer reports on consumers for any impermissible purpose, and include verification by Clarity Services of any "written instruction" from Haas, purporting to direct Clarity Services to release any of their consumer credit reports and files to Easy Cash.

99.     Clarity Services did not employ reasonable procedures as to Haas' PII and PFI and the information in her consumer files, as Clarity Services released Haas' PII, PFI and her consumer credit files to Easy Cash - solely based on Easy Cash's promise that it had a permissible purpose to obtain the information, and without viewing any "written instruction" from Haas, as is required by the FCRA for such a release of consumer data and consumer information.

100.    Easy Cash and Clarity Services's illegal, unlawful, and impermissible creation, dissemination, acquisition and / or redisclosure of Haas' consumer credit reports and files, violates Haas' privacy rights under the FCRA and under Wisconsin law, and has impaired Haas' future access to credit.

101.    As a result of the acts alleged above, Sarah Haas has suffered and is entitled to recover damages and equitable relief.

## V.  CAUSES OF ACTION

## COUNT 1.  FAIR CREDIT REPORTING ACT

102.    Sarah Haas incorporates by reference all the foregoing paragraphs.

103.    Easy Cash  willfully and/or negligently violated provisions of the Fair Credit Reporting Act.

Easy Cash's violations include, but are not limited to the following:

(a)    Easy Cash violated 15 U.S.C. §1681b by willfully and/or negligently accessing Sarah Haas' consumer credit report and file without a permissible purpose under the Act.

104.    Clarity  willfully and/or negligently  violated provisions of the Fair Credit Reporting Act.

Clarity's violations include, but are not limited to the following:

(a)    Clarity  violated 15 U.S.C. §1681g(a)(1-6) by willfully and/or negligently failing to provide and disclose to Sarah Haas, a complete copy of her consumer credit report and the information in her consumer credit file, within 15 days of her request.

(b)    Clarity violated 15 U.S.C. §1681a by willfully and/or negligently releasing information from Sarah Haas' consumer credit file and her consumer credit report to Easy Cash, where Easy Cash had no permissible purpose under the FCRA to access or receive such information.

105.    As a result of the above violations of the FCRA, Easy Cash is liable to Sarah Haas in the sum of Sarah Haas' actual damages, statutory punitive damages, costs, disbursements, and reasonable attorney's fees.

106.    As a result of the above violations of the FCRA, Clarity is liable to Sarah Haas in the sum of Sarah Haas' actual damages, statutory punitive damages, costs, disbursements, and reasonable attorney's fees.

## COUNT 2.     WISCONSIN'S PRIVACY STATUTE

107.   Sarah Haas incorporates by reference all the foregoing paragraphs.

108.   The information concerning Sarah Haas, as contained in the consumer credit report and file maintained by Clarity, includes non public PII such as Sarah Haas' social security number, and further includes non public personal financial information ("PFI") such as  her banking information, and her credit score.

109.   The information concerning Sarah Haas, as contained in the consumer credit report and file maintained by Clarity, is private, and is of a highly personal nature.

110.   Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

111.   The unlawful accessing of that information by Easy Cash is highly offensive to Sarah Haas.

112.   The unlawful re disclosure of that information by Easy Cash is highly offensive to Haas.

113.   Any unlawful accessing and re disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

114.   Easy Cash acted unreasonably and recklessly in accessing, as well as subsequently re disclosing, Sarah Haas' information including PII and PFI about Sarah Haas.

115.   While Sarah Haas' PII and PFI were not disclosed to the general public, Sarah Haas' PII and PFI were disclosed to an audience that includes companies that Sarah Haas has never contracted with, companies that Sarah Haas has never authorized to receive such information, and companies that  Sarah Haas has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

116.    Easy Cash willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its

prohibition on accessing and then re disclosing Sarah Haas' PII and PFI.

117.    As a result of the above violations of Wis. Stat. § 995.50, Easy Cash is liable to Sarah Haas

in the sum of Sarah Haas' actual damages, costs, disbursements, and reasonable attorney's

fees, along with any appropriate injunctive relief.

## VI.  REQUEST FOR RELIEF

118.    **WHEREFORE**, Sarah Haas respectfully requests that Judgment be entered as follows:

**Count 1 - as to Easy Cash:**

(a)    actual damages;

(b)    punitive damages;

(c)    statutory damages of $1,000.00 per violation;

(d)    costs and reasonable attorney's fees; and

(e)    such other and further relief as the court deems just and equitable.

**Count 1 - as to Clarity:**

(a)    actual damages;

(b)    punitive damages;

(c)    statutory damages of $1,000.00 per violation;

(d)    costs and reasonable attorney's fees; and

(e)    such other and further relief as the court deems just and equitable.

**Count 2 - as to Easy Cash:**

(a)    actual damages;

(b)    punitive damages;

(c)    declaratory and injunctive relief:

(d)    costs and reasonable attorney's fees; and

(e)    such other and further relief as the court deems just and equitable.

## VII.  DEMAND FOR TRIAL BY JURY

119.   Sarah Haas hereby demands that, to the extent provided by the United States and Wisconsin

Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin

Common  Law,  these claims be determined by a jury of her peers.


dated: October 6, 2021                                  electronically signed by Eric Crandall

Eric Leighton Crandall, Esq.

**CRANDALL LAW FIRM, S.C.**

421 West Second Street

PO Box 27

New Richmond, WI 54017

715-243-9996 (p)

WisconsinConsumerLaw@frontier.com

Wis. Atty. Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF**
**SARAH HAAS**

**FILED**
**10-11-2021**
**Circuit Court**
**St. Croix County, WI**
**2021CV000352**

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **COUNTY OF SAINT CROIX**

Sarah Haas,                                    Case No. 2021-CV-352

               Plaintiff,

v.

Easy Cash ASAP, LLC,
  d/b/a Easy Cash, and
Clarity Services, Inc.,

               Defendants.

---

### AFFIDAVIT OF SERVICE

---

STATE OF DELAWARE      )
                          ) ss.
COUNTY OF                )

   ADAM GOLDEN      , a resident of the state of Delaware, and over the age of 18, being duly

sworn under oath, says that on Oct. _7_, 2021, he/she PERSONALLY served file stamped copies

of the summons and complaint, and electronic filing notice, on Defendant Clarity Services, Inc., by

leaving copies of these documents with _PATRICK DUFFY_, The Corporation Trust Company, 1209

Orange Street, Wilmington, DE, the person designated by Defendant as the person/entity to receive

service of process.

Subscribed and sworn to before me
this _11_ day of October, 2021

_Thomas M. Marshall_
Notary Public

**FILED**
**10-19-2021**
**Circuit Court**
**St. Croix County, WI**
**2021CV000352**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF SAINT CROIX**

Sarah Haas,                                           Case No. 2021-CV-352

        Plaintiff,

v.

Easy Cash ASAP, LLC,
  d/b/a Easy Cash, and
Clarity Services, Inc.,

        Defendants.

### **AFFIDAVIT OF SERVICE**

STATE OF KANSAS       )
                  ) ss.
COUNTY OF  Johnson      )

ANDREW WICKLIFFE _____, a resident of the state of Kansas, and over the age of 18, being duly sworn under oath, says that on Oct. 12 , 2021, she/he PERSONALLY served an authenticated copy of the summons and complaint, and electronic filing notice, on Defendant Easy Cash ASAP, LLC, by leaving copies of these documents with MARCUS JOHNSON, OPERATIONS MANAGER the agent or person designated by Defendant as the person/entity to receive service of process.

Subscribed and sworn to before me
this 1 day of Oct., 2021

Notary Public

JAMES HANNAH
Notary Public State of Kansas
My Appt Expires 8/2/23

**FILED**
**10-06-2021**
**Circuit Court**
**St. Croix County, WI**
**2021CV000352**
**Honorable Edward Vlack**
**Branch 2**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF SAINT CROIX**

Sarah Haas,                                        Case No. 2021-CV-_____

       Plaintiff,

v.

Easy Cash ASAP, LLC,
  d/b/a Easy Cash, and
Clarity Services, Inc.,

       Defendants.

## SUMMONS

### THE STATE OF WISCONSIN
### TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Saint Croix County Courthouse,
1101 Carmichael Road,
Hudson, Wisconsin 54016,

-1-

| STATE OF WISCONSIN | CIRCUIT COURT | ST CROIX COUNTY |
|---|---|---|

Sarah Haas vs. Easy Cash ASAP, LLC et al

**Electronic Notice
Status Change**

Case No: 2021CV000352

EASY CASH ASAP, LLC
8900 STATE LINE ROAD
SUITE 230
LEAWOOD KS 66206

For 2021CV000352, the electronic notice preference for Tanya Mutasim Salman, Wisconsin attorney for Clarity Services, Inc., has changed.

Tanya Mutasim Salman has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-386-4630 Ext. 4633.

St Croix County Circuit Court
Date: October 25, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

FILED
10-22-2021
Circuit Court
St. Croix County,  WI
2021CV000352

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF SAINT CROIX**

Sarah Haas,

    Plaintiff,

  v.                                         Case No. 2021CV000352

Easy Cash ASAP, LLC
*d/b/a* Easy Cash; and
Clarity Services, Inc.,

    Defendants.

---

**NOTICE OF APPEARANCE OF TANYA M. SALMAN FOR
DEFENDANT CLARITY SERVICES, INC.**

---

PLEASE TAKE NOTICE that Attorney Tanya M. Salman hereby enters her appearance along with Michael Best & Friedrich LLP to represent Defendant Clarity Services, Inc. in this action.  Please send all papers, pleadings, and other documents associated with this action to all counsel of record for Clarity Services, Inc.

Dated:  October 22, 2021              MICHAEL BEST & FRIEDRICH LLP


By: *Electronically signed by Tanya M. Salman*
Tanya M. Salman, SBN 1089151
One South Pinckney Street, Suite 700
Madison, WI  53703
Telephone: (608) 283-0122
Facsimile: (608) 283-2275
Email: tmsalman@michaelbest.com

*Attorneys for Defendant
Clarity Services, Inc.*

FILED
10-25-2021
Circuit Court
St. Croix County, WI
2021CV000352

**STATE OF WISCONSIN          CIRCUIT COURT          COUNTY OF SAINT CROIX**

Sarah Haas,

      Plaintiff,

   v.

Easy Cash ASAP, LLC
*d/b/a* Easy Cash; and
Clarity Services, Inc.,

      Defendants.

Case No. 2021CV000352

---

**DEFENDANT CLARITY SERVICES, INC.'S FIRST UNOPPOSED MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

---

Pursuant to Wis. Stat. § 801.15(2)(a), Defendant Clarity Services, Inc. ("Clarity"), by and through its undersigned counsel, respectfully moves the Court to extend Clarity's deadline to answer or otherwise respond to Plaintiff's Complaint up through and including **November 5, 2021**. Plaintiff Sarah Hass ("Plaintiff") does not oppose this Motion.  In support of this Unopposed Motion, Clarity states as follows:

1.    Plaintiff filed her Complaint in this action on October 6, 2021.  (*See* Doc. 3.)

2.    Clarity was served with the Complaint on October 7, 2021.

3.    According to the summons served on Clarity,[1] Clarity's current deadline to answer or otherwise respond to the Complaint is October 27, 2021, pursuant to Wis. Stat. § 802.06(1)(a).

---

[1] Clarity disagrees that October 27, 2021 is the correct deadline to answer or respond to the Complaint because the Complaint asserts **tort** claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* and Wisconsin's Privacy Statute, Wis. Stat. § 995.50.  Therefore, Clarity has 45 days from service to answer or respond to the Complaint—*i.e.* November 21, 2021.  *See* Wis. Stat. § 802.06(1)(a) ("If a defendant in the action is an insurance company, *or if any*

4.      Clarity seeks an Order from this Court extending Clarity's time to answer or otherwise respond to the Complaint up to and including **November 5, 2021**.

5.      This extension of time is sought in good faith and so that Clarity may have sufficient time to review the Complaint and investigate the allegations therein, prepare an appropriate and meaningful response to the Complaint, and explore the potential for early resolution of the case. Thus, this extension of time is not being sought for purposes of delay.

6.      This is Clarity's first request for additional time in this matter.

7.      No parties will be prejudiced by this extension.

8.      Counsel for Clarity conferred with Plaintiffs' counsel, and Plaintiffs do not oppose the requested relief.

WHEREFORE, for the foregoing reasons, Defendant Clarity Services, Inc., respectfully requests that this Court grant this Unopposed Motion and enter its proposed order, filed herewith, extending Clarity's time to answer, plead, or otherwise respond to the Complaint up through and including **November 5, 2021**.

Dated:  October 25, 2021                    MICHAEL BEST & FRIEDRICH LLP

By: _Electronically signed by Tanya M. Salman_
Tanya M. Salman, SBN 1089151
One South Pinckney Street, Suite 700
Madison, WI  53703
Telephone: (608) 283-0122
Facsimile: (608) 283-2275
Email: tmsalman@michaelbest.com

*Attorneys for Defendant*
*Clarity Services, Inc.*

---

*cause of action raised in the original pleading*, cross claim, or counterclaim *is founded in tort*, the periods of time to serve a reply or answer shall be 45 days.") (emphases added).

- 2 -

FILED
10-25-2021
Circuit Court
St. Croix County, WI
2021CV000352

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **COUNTY OF SAINT CROIX**

Sarah Haas,

        Plaintiff,

    v.

Easy Cash ASAP, LLC
*d/b/a* Easy Cash; and
Clarity Services, Inc.,

        Defendants.

Case No. 2021CV000352

## ORDER GRANTING DEFENDANT CLARITY SERVICES, INC.'S FIRST UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Based upon Defendant Clarity Services, Inc.'s First Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint (the "Motion") having been filed on October 25, 2021;

The Motion being unopposed by Plaintiff Sarah Haas;

And the Court having reviewed and considered the Motion and the pertinent portions of the record,

IT IS HEREBY ORDERED that:

Defendant Clarity Services, Inc.'s First Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, filed herewith, is GRANTED.

Defendant Clarity Services, Inc.'s deadline to answer or respond to Plaintiff Sarah Haas's Complaint is extended up through and including **November 5, 2021**.