IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARAH HAAS,

                              Plaintiff,

        v.                                                    OPINION and ORDER

EASY CASH ASAP, LLC d/b/a EASY CASH and                       21-cv-680-jdp
CLARITY SERVICES, INC.,

                              Defendants.

---

        This case relates to the alleged unlawful handling of plaintiff Sarah Haas's credit report. Haas alleges that defendant Easy Cash ASAP, LLC obtained her credit report from defendant Clarity Services numerous times without a permissible purpose. She asserts claims against both defendants under the Fair Credit Reporting Act (FCRA) and against Easy Cash under Wis. Stat. § 995.50.

        Clarity moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Dkt. 11. For the reasons explained below, the court will grant the motion, but Haas may have an opportunity to replead her claim that Clarity violated the FCRA by failing to give her a complete copy of her consumer report.

ANALYSIS

        Haas asserts claims against Clarity under two provisions of the FCRA: 15 U.S.C. § 1681b and § 1681g.[1] A consumer may sue for violations of those provisions if the defendant

---

[1] Haas cites § 1681a rather than § 1681b in her complaint, *see* Dkt. 101, ¶ 104, but § 1681a is simply a list of definitions; it doesn't include any prohibitions or requirements. In their briefs, both sides assume that Haas is asserting a claim under § 1681b, so the court will do the same.

acted negligently or willfully. *See* 15 U.S.C. § 1681n and § 1681o. The standard for deciding a motion for judgment on the pleadings is the same as the standard for a motion to dismiss: whether the complaint states a claim for relief that is plausible on its face. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).

Section 1681b limits the circumstances under which "a consumer reporting agency may furnish a consumer report." It's undisputed for the purpose of Clarity's motion that Clarity is a consumer reporting agency and that Clarity furnished Haas's consumer report to Easy Cash, a payday lender. But Clarity contends that its conduct was consistent with § 1681b(a)(3)(A), which allows an agency to release a report "[t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." Clarity points to Haas's allegations in the complaint that Clarity gave Easy Cash her consumer report "based on Easy Cash's promise that it had a permissible purpose to obtain the information," Dkt. 1-1, ¶ 99, and that Easy Cash "is licensed to make high interest loans to Wisconsin consumers," *id.*, ¶ 17. Clarity contends that these allegations show that it had "reason to believe" that Easy Cash was requesting Haas's information for use in a credit transaction with Easy Cash, so releasing Haas's consumer report was permissible under § 1681b(a)(3).

This is the same argument that Clarity made in *Shockley v. Clarity Services, Inc.*, No. 21-cv-434-jdp, 2022 WL 2438555 (W.D. Wis. July 5, 2022), and that argument was based on nearly identical allegations in a complaint drafted by the same counsel as in this case. This court granted the motion dismiss in *Shockley*, concluding that the plaintiffs' own allegations demonstrated that Clarity didn't violate § 1681b. Haas makes the same arguments in her

opposition brief as her counsel did in *Shockley*, so the court will dismiss this claim for the reasons explained in *Shockley*.

This leaves Haas's claim under § 1681g, which requires a consumer reporting agency to provide upon the request of a consumer "[a]ll information in the consumer's file at the time of the request," among other things. If the consumer hasn't made a previous request within the last 12 months, the agency must provide a free report within 15 days of receiving the request. 15 U.S.C. § 1681j(a)(1)(A) and (a)(2).

In the body of her complaint, Haas includes two allegations related to this claim:

> 71. In 2021, Haas ordered and requested copies of her consumer credit reports and files from Clarity Services, Inc.
>
> 72. In 2021, Clarity Services mailed copies of Haas' consumer credit reports to Haas.

Dkt. 1-1. Haas doesn't allege that Clarity withheld any information, that she qualified for a free report under § 1681j, or that Clarity provided the report more than 15 days after receiving Haas's request.

At the end of her complaint, in the section summarizing her legal theories, Haas includes an additional allegation: "Clarity violated 15 U.S.C. §1681g(a)(1-6) by willfully and/or negligently failing to provide and disclose to Sarah Haas, a complete copy of her consumer credit report and the information in her consumer credit file, within 15 days of her request." *Id.*, ¶ 104. This allegation doesn't state a claim because it is simply a restatement of the relevant statutory provisions. "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the plaintiff must allege enough facts to plausibly suggest that she is entitled to relief. *Id.* at 557. Haas hasn't done that. She doesn't identify what information was missing from her report or when

she received it, and she doesn't allege facts suggesting that the report was subject to the 15-day requirement. So Haas has failed to state a claim under § 1681g.

The only remaining question is whether to give Haas leave to replead. Haas requests leave, relying on the general rule that plaintiffs should have an opportunity to amend a defective complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). But there is an exception to the general rule when "it is clear that the defect cannot be corrected so that amendment is futile." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015).

This court denied leave to amend in *Shockley*, reasoning that amendment was futile because the plaintiffs' own allegations showed that Clarity didn't violate § 1681b. 2022 WL 2438555, at *4 (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)). That reasoning applies equally in this case, so the court won't give Haas leave to replead her § 1681b claim.

But Haas didn't plead herself out of court on her § 1681g claim. Rather, the problem with that claim is that Haas's allegations are too conclusory to state a factually plausible claim. That defect could be cured with more specific allegations, at least potentially, so the general rule applies. The court will give Haas an opportunity to replead her § 1681g claim.


ORDER

IT IS ORDERED that defendant Clarity Services, Inc's motion for judgment on the pleadings, Dkt. 11, is GRANTED. Plaintiff Sarah Haas's claim against Clarity under 15 U.S.C. § 1681b is DISMISSED with prejudice. Haas's claim under 15 U.S.C. § 1681g is DISMISSED without prejudice. Haas may have until July 22, 2022, to file an amended complaint that cures

4

the defects in the § 1681g claim. If Haas fails to respond by then, the court will dismiss that claim with prejudice and dismiss Clarity from the case.

Entered July 8, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge